Filed 10/25/24  P. v. Lewis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082171 |
| v. | (Super.Ct.No. FRE03786) |
| LORAN L. LEWIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Reversed and remanded with directions.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Loran L. Lewis filed a petition for resentencing under Penal Code section 1172.6, which the trial court summarily denied. Defendant contends the record of conviction does not preclude him as a matter of law from resentencing relief under the statute. This relief includes, he argues, the trial court potentially vacating his conviction for two counts of manslaughter even though he had served his determinate sentence on those counts and, furthermore, resentencing him on the remaining counts for which he was convicted. Respondent concedes the trial court erred in denying defendant an evidentiary hearing on his resentencing petition, and we accept the concession as correctly stating the law. Accordingly, we reverse the summary denial of defendant's petition and remand for the trial court to hold the requisite hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

Because the underlying facts are not relevant to the legal issues that are dispositive on appeal, we abridge our background summary to a bare minimum. Suffice to say, defendant was alleged to have been one of two men in November 1999 who first stole one vehicle and then another, led pursuing officers on a high speed freeway chase in the second vehicle, exited the freeway, ran a red light, and, in doing so, collided with another vehicle. The occupants of the vehicle that was struck, Michael and Joan Grizzell, died almost instantly.[1] (See *People v. Lewis* (2006) 139 Cal.App.4th 874, 879-880 (*Lewis II*).)

---

[1] We expressly caution that nothing in this brief background statement may color the trial court's evaluation of the facts at the ensuing evidentiary hearing on remand. The trial court's role at evidentiary hearing under section 1172.6 "is to act as an independent fact finder and determine [the underlying issues] in the first instance." (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 123; see § 1172.6, subd. (d)(3) [limiting consideration of prior

*[footnote continued on next page]*

In November 2001, the district attorney's office charged defendant and Tyrone Murphy with two counts of murder (Pen. Code,[2] § 187, subd. (a), counts 1 & 2), evading a police officer (Veh. Code, § 2800.2, subd. (a), count 3), and two counts of unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a), counts 4 & 5). In a joint trial, a jury convicted the defendants on all counts, including second degree felony murder. (See *Lewis II*, *supra*, 139 Cal.App.4th at p. 878.) The trial court sentenced defendant to a prison term of 140 years to life, comprised of consecutive terms of 45 years to life on counts 1 and 2, plus 25 years to life each on counts 4 and 5.

Following Supreme Court authority holding that violation of Vehicle Code section 2800.2 does not qualify as an inherently dangerous felony for purposes of the felony-murder rule, this court reversed defendant's conviction on the murder counts, but affirmed on the remaining counts. (*Lewis II*, *supra*, 139 Cal.App.4th at p. 879; see *People v. Howard* (2005) 34 Cal.4th 1129, 1132.)

In December 2009, the district attorney's office refiled murder charges against defendant and Murphy. In April 2010, as part of a negotiated plea, defendant pled guilty to two counts of voluntary manslaughter. (§ 192, subd. (a).) Pursuant to the plea terms, the trial court sentenced defendant to concurrent low terms of three years on the two counts. The court specified that the three year determinate term was consecutive in relation to the

appellate opinions to their procedural history]; *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113 [factual summary in a prior appellate opinion does not constitute evidence to defeat a defendant's resentencing petition].)

[2] All further undesignated statutory references are to the Penal Code.

previously-imposed term of 50 years to life on counts 4 and 5.  (See § 669, subd. (a) ["the determinate term of imprisonment shall be served first"].)

In September 2022, defendant filed his resentencing petition, and the trial court appointed counsel for him.  Noting jury instructions that included felony murder and the natural and probable consequences doctrine in defendant's underlying trial, the prosecutor conceded in a written opposition to resentencing that defendant made the prima facie showing necessary to require an evidentiary hearing on his resentencing petition.  The prosecutor opposed resentencing on grounds that the evidence at that hearing would show defendant remained guilty of manslaughter because he could lawfully face and be convicted of murder charges consistent with the changes to the law of murder undergirding section 1172.6's resentencing mechanism.  In other words, without resort to theories of accomplice liability.  In particular, the prosecutor relied on instructions and evidence he contended would support guilt beyond a reasonable doubt on theories of direct aiding and abetting and implied malice murder—including because defendant was the driver of the second stolen vehicle.

At a brief hearing on defendant's petition, defense counsel conceded defendant had "long since served" the three-year portion of his sentence for manslaughter.  The court interpreted this to mean that, in a colloquy before the hearing between the prosecutor and defense counsel, both attorneys agreed there was "no way for [defendant to gain] relief from the manslaughter charge."  The prosecutor and defense counsel confirmed this understanding.  In particular, when the court summarized that defendant was "currently . . .

4

in custody serving 50 to life [for] two counts of [Vehicle Code, section] 10851 [and,] [w]ith those charges, he is not eligible for relief under [section 1172.6]," both attorneys agreed with the court. The court denied defendant's petition, and defendant appealed.

DISCUSSION

Defendant argues denial of his petition at the prima facie stage must be reversed and the matter remanded for an evidentiary hearing. In brief, he contends: "[A]lthough having served the sentence on the manslaughter convictions, [he] was not [thereby] ineligible for relief." Respondent agrees, and so do we.

We independently review the trial court's decision to deny a section 1172.6 resentencing petition at the prima facie stage. (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211 (*Gaillard*).)

Section 1172.6 provides potential resentencing relief to defendants "who pled guilty to manslaughter after being charged with murder and who would have been subject to prosecution for murder under a felony-murder theory, the natural and probable consequences doctrine, or any other theory of imputed malice." (*Gaillard*, *supra*, 99 Cal.App.5th at p. 1211, citing § 1172.6, subd. (a).) To be eligible for relief, the petitioner must make a prima facie showing that he could not presently be convicted of murder under changes to these theories of murder liability made effective January 1, 2019, by Senate Bill No. 1437 (2017-2018 Reg. Sess.). (§ 1172.6, subds. (a)(3), (c).) If the petitioner makes a prima facie showing, the trial court must conduct an evidentiary hearing on the petition for resentencing. (*Id.*, subds. (c), (d).)

As *Gaillard* explained, "When the Legislature added manslaughter to the covered crimes as part of Senate Bill No. 775 (2021-2022 Reg. Sess.), it did so out of concern that some defendants may have pled guilty to voluntary manslaughter before 2019 to avoid being convicted of a charged murder under one of the theories eliminated or narrowed by Senate Bill No. 1437 in 2019." (*Gaillard*, *supra*, 99 Cal.App.5th at p. 1213, fn. 4.)

We interpret section 1172.6, like all statutes, de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961 (*Lewis*).) We give the words the Legislature used their plain and ordinary meaning in order to give effect to the Legislature's purpose in enacting the law. (*People v. Arias* (2008) 45 Cal.4th 169, 177.)

Section 1172.6 by its terms provides that resentencing relief authorized under the statute is *not* foreclosed by a prisoner having served his or her term for an applicable conviction such as manslaughter. The statute gives little or no consideration to the length of a sentence imposed or time served on a qualifying murder conviction.[3] Rather, when relief is to be granted, it involves vacating the petitioner's underlying conviction altogether—not mere adjustments to credits or remaining time to be served on it.

Thus, section 1172.6, subdivision (d)(3), provides that once a defendant's petition proceeds to an evidentiary hearing: "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall

---

[3] The statute appears to mention sentence length or time served only in two instances. First, if the matter proceeds to resentencing: "the new sentence, if any, [may] not [be] greater than the initial sentence." (§ 1172.6, subd. (d)(1).) Second, a defendant who is resentenced is entitled to credit for time served. (*Id*. subd. (h).) Neither of these has any bearing on the merits or sufficiency of defendant's petition.

be *vacated and the petitioner shall be resentenced* on the remaining charges." (Italics added.) By this express language, as respondent recognizes, the fact that defendant already served his manslaughter sentence did not moot his petition. He could still attempt to persuade the trial court at an evidentiary hearing that his voluntary manslaughter conviction should be vacated.

As respondent also concedes, and we agree, defendant made the requisite prima facie showing on his resentencing petition to proceed to an evidentiary hearing.

At the prima facie stage (see § 1172.6, subd. (c)), the trial court may deny the petition only if the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The record of conviction "includes the facts 'the defendant admitted as the factual basis for a guilty plea.'" (*Gaillard*, *supra*, 99 Cal.App.5th at pp. 1211-1212.) In *Gaillard*, the fact that the defendant there admitted "in generic terms" as part of the factual basis of his plea that he "'aided and abetted'" voluntary manslaughter was not enough to conclude at the prima facie stage on the defendant's petition that, as a matter of law, he was foreclosed from sentencing relief. As the court observed, voluntary manslaughter does not require malice as necessary to commit murder under Senate Bill No. 1437, nor did the defendant's generic admission to aiding and abetting manslaughter amount to admitting he directly aided and abetted another in committing murder. (*Ibid.*)

There is even less here. The trial court at the time it accepted defendant's guilty plea to voluntary manslaughter checkmarked a box indicating a factual basis supported it.

Neither that bare finding nor anything else in the record rebuts the prima facie showing defendant made in his petition averring he could not now be convicted of murder under current law.  (See *People v. Flores* (2022) 76 Cal.App.5th 974, 987 [the petitioner's guilty plea did not make him ineligible for section 1172.6 relief as a matter of law because "[i]n entering his plea, petitioner did not admit to or stipulate to any particular theory of murder"]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 977 [reaching the same result where "the defendant did not admit facts supporting liability on any particular theory"].)  Accordingly, the trial court's contrary finding must be reversed.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 resentencing petition at the prima facie stage is reversed.  The matter is remanded for the trial court to issue an order to show cause pursuant to section 1172.6, subdivision (d), and hold an evidentiary hearing under the terms of that subdivision.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.